**Opinion issued October 7, 2021**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-20-00122-CV

———————————

**JAMES ARTHUR; MARY ARTHUR; ARTHUR HOLDINGS, LP; ARTHUR P. HOLDINGS, LP; LEGONITE, INC.; ARTHUR J. HOLDINGS, INC.; PARADISE LIVING, INC.; and THE COTTAGE HEALTH SERVICES, Appellants**

**V.**

**BLACKBURNE & BROWN MORTGAGE FUND, INC., Appellee**

---

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-80239**

---

## MEMORANDUM OPINION

Appellants, as identified in the above style, attempt to appeal the trial court's

"Order of Non-Suit and Findings by the Court," which dismisses, with prejudice,

their claims against appellee, Blackburne & Brown Mortgage Fund, Inc. (Blackburne).* Each side has already filed its respective briefing on the merits.

In its brief, Blackburne points out that it filed counterclaims against Appellants in the trial court. Because its counterclaims are still pending, Blackburne asserts that the Order of Non-Suit dismissing Appellants' claims is not a final judgment. Without a final judgment, Blackburne asserts this Court lacks subject-matter jurisdiction and should dismiss the appeal.

Appellants have not responded to Blackburne's argument regarding jurisdiction. Nor have they responded to our August 10, 2021 notice of intent to dismiss for lack of jurisdiction, which sought an explanation of why we have jurisdiction over this appeal. *See* TEX. R. APP. P. 42.3(a) (providing that, after 10 days' notice, appellate court may dismiss appeal for want of jurisdiction).

"[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see* TEX. CIV. PRAC. & REM. CODE § 51.012. No statute allows for the appeal of an interlocutory order dismissing a party's claims following a nonsuit. *See* TEX. CIV. PRAC. & REM. CODE § 51.014 (listing orders from which

---

*   In the order, the trial court stated that at a hearing on January 6, 2020, Appellants "orally announced in open court and on the record that [they] nonsuit[ed] with prejudice their claims" against Blackburne & Brown Mortgage Fund. The trial court stated that, "pursuant to such nonsuit and the arguments of counsel presented at the hearing," the "Plaintiffs' claims are dismissed with prejudice to refiling same."

2

interlocutory appeals may be taken). When, as here, "there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205. Here, the Order of Non-Suit does not meet the requirements of *Lehmann*. The order does not dispose of Blackburne's counterclaims, nor does it include clear finality language. *See id.* Nothing in the record otherwise shows that Blackburne's counterclaims have been resolved.

Because the record shows that Appellants' counterclaims against Blackburne remain pending in the trial court, the trial court's order dismissing Appellants' claims is not a final and appealable judgment. *See id.* Therefore, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

**PER CURIAM**

Panel consists of Justices Kelly, Hightower, and Farris.